IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.: 4:20 CR 331 SEP ) |
| RICARDO ROBINSON, | ) ) |
| Defendant. | ) |

### GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant RICARDO ROBINSON, represented by defense counsel JOEL SCHWARTZ, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary pleas of guilty to Counts One and Two of the indictment, the Government agrees to the dismissal of Count Three at the time of sentencing. The Government further agrees that no further federal prosecution will be brought in this District relative to the defendant's

1

violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

The parties agree that the U.S. Sentencing Guidelines Total Offense Level Analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. **Notwithstanding the application or non-application of any Guidelines recommended herein, and irrespective of the advisory range established by the proper application of the Guidelines, the parties agree that Defendant be sentenced to 120 months in the Bureau of Prisons.** The parties believe this will adequately reflect the seriousness of the offense and provide just punishment for the offense.

The defendant also agrees, pursuant to the guilty plea to Counts One and Two, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including, a Century Arms, model Mini-Draco 7.62 x 39 pistol, a Taurus Model 605 .357 revolver, and assorted rounds of ammunition and magazines.

3. **ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title, 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are: (1) or about November 7, 2019, the defendant knowingly possessed actual methamphetamine; (2) the defendant intended to distribute some or all of the methamphetamine to another person; and (3) the quantity of actual methamphetamine involved in the offense was more than fifty grams.

As to Count Two, the defendant admits to knowingly violating Title, 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully

2

understands that the elements of the crime are: (1) or about November 7, 2019, the defendant possessed heroin; and (2) the defendant intended to distribute some or all of the heroin to another person.

4. **FACTS:**

The parties stipulate and agree that based upon police surveillance, both physical and electronic, law enforcement seizures, and cooperating individuals, the following evidence would be adduced and proven beyond a reasonable doubt if the defendant elected to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In March 2019, investigators with the Drug Enforcement Administration (DEA) initiated an investigation into Ricardo ROBINSON. On July 9, 2019, a confidential source (CS) purchased 141.9 grams of actual methamphetamine (100% purity) from ROBINSON at an apartment in St. Louis, Missouri.

On November 7, 2019, investigators arrested ROBINSON in connection with drug trafficking. Investigators searched his vehicle and located a firearm under the driver's seat. ROBINSON then provided investigators with a written consent to search his residence. Officers located 402.5 grams of actual methamphetamine (97% purity) and two bags containing 17.8 grams of heroin inside the residence. Additionally, officers located two firearms from the master bedroom and drug paraphernalia in the residence including a money counter and packaging materials.

Although the amount of methamphetamine and heroin attributable to defendant Ricardo ROBINSON is difficult to calculate with precision, the parties are in agreement that, based upon the known evidence and including relevant conduct, ROBINSON is accountable for at least 500

3

grams but less than 1.5 kilograms of actual methamphetamine and at least 10 grams but less than 20 grams of heroin. Expert testimony in the event of trial would establish that these amounts of methamphetamine and heroin are amounts that are inconsistent with amounts possessed purely for personal use, and are consistent with amounts possessed for distribution.

5. **STATUTORY PENALTIES:**

As to Count One, the defendant fully understands that the maximum possible penalty provided by law is imprisonment of not more than life, a fine of not more than $10,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than four years. **The defendant fully understands that the offense to which he is pleading guilty carries a minimum mandatory term of imprisonment of not less than ten years.**

As to Count Two, the defendant fully understands that the maximum possible penalty provided by law is imprisonment of not more than 20 years, a fine of not more than $1,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than 3 years.

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that he following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

4

a. **Chapter 2 Offense Conduct:**

(1) **Base Offense Level COUNTS ONE AND TWO:** The parties agree that the base offense level is 34 as found in Section 2D1.1. The parties agree that the quantity of actual methamphetamine for which the defendant is accountable, including relevant conduct, is 544 grams (10,880 kilograms of converted drug weight) and the quantity of heroin for with the defendant is accountable, including relevant conduct, is 17.8 grams (17.8 kilograms of converted drug weight). The total converted drug weight for which the defendant is accountable is at least 10,000 kilograms of converted drug weight resulting in the agreed Base Offense Level.

(2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(a)  2-levels added pursuant to 2D1.1(b)(1) because a dangerous weapon was possessed.

b. **Chapter 3 Adjustments:**

(1)  **Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction,

5

the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

c. **Other Adjustments:** The parties have no further agreement regarding any other adjustments.

d. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 33. Depending on the underlying offense and the defendant's criminal history, the defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds the defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

e. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

f. **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but

6

reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

7.  **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, or in accordance with the joint recommendation of the parties, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

7

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration and costs of supervision. The defendant agrees that any fine imposed by the Court will be due and payable immediately. In addition, the Court may impose restitution (in addition to any penalty authorized by law) which will also be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**g. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon [his/her] interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future

rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: a Century Arms, model Mini-Draco 7.62 x 39 pistol, a Taurus Model 605 .357 revolver, and assorted rounds of ammunition and magazines. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond

a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or

coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

11-23-2021
Date

ERIN GRANGER, #53593MO
Assistant United States Attorney

12-6-21
Date

RICARDO ROBINSON
Defendant

12/6/21
Date

JOEL SCHWARTZ
Attorney for Defendant

13