```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


UNITED STATES OF AMERICA,  )
                           )
     Plaintiff,            )
                           )
     v.                    ) No. 4:20-CR-00331 SEP
                           )
RICARDO ROBINSON,          )
                           )
     Defendant.            )


                      SENTENCING HEARING

          BEFORE THE HONORABLE SARAH E. PITLYK
              UNITED STATES DISTRICT JUDGE


                       MARCH 22, 2022


APPEARANCES:

For Plaintiff:      John R. Mantovani, Esq.
                    OFFICE OF U.S. ATTORNEY
                    111 South Tenth Street, 20th Floor
                    St. Louis, MO  63102

For Defendant:      Joel J. Schwartz, Esq.
                    ROSENBLUM SCHWARTZ PC
                    120 S. Central Ave., Suite 130
                    Clayton, MO  63105

REPORTED BY:        ANGELA K. DALEY, CSR, RMR, FCRR, CRR
                    Official Court Reporter
                    United States District Court
                    111 South Tenth Street, Third Floor
                    St. Louis, MO  63102
                    (314) 244-7978


     PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION
```

2

1   **(PROCEEDINGS STARTED AT 10:15 A.M.)**

2   **(THE FOLLOWING PROCEEDINGS WERE HELD IN OPEN COURT AND WITH**

3   **THE DEFENDANT PRESENT.)**

4            THE COURT:  Good morning.

5            MR. MANTOVANI:  Good morning, Your Honor.

6            MR. SCHWARTZ:  Good morning, Your Honor.

7            THE COURT:  We are here in the case of the United

8   States versus Ricardo Robinson.  Mr. Robinson appears today

9   for sentencing.  One second.  Sorry, I have to get to my

10  notes.  All right.  Mr. Robinson pled guilty on December 15,

11  2021 to two counts of a three-count indictment, possession

12  with intent to distribute methamphetamine and possession with

13  intent to distribute heroin, and we are here today for his

14  sentencing.  The case number is 4:20-CR-0331, and the

15  defendant is present in person with counsel, Mr. Schwartz, and

16  the United States is represented by Mr. Mantovani today in for

17  Ms. Granger; is that correct?

18           MR. MANTOVANI:  Correct, Your Honor.  Good morning.

19           THE COURT:  Mr. Robinson, when you pled guilty, you

20  confirmed for me under oath that you were pleading guilty to

21  Counts One and Two of the indictment -- I think that's

22  correct -- because you were, in fact, guilty as charged.  Do

23  you remember that?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  And you entered that plea of guilty

3

1 knowingly and voluntarily because you are, in fact, guilty as
2 charged; is that correct?
3          THE DEFENDANT:  Yes, Your Honor.
4          THE COURT:  Are you under the influence of anything
5 today, any alcohol, drugs, or medications?
6          THE DEFENDANT:  No, Your Honor.
7          THE COURT:  Do you know what we're here to do today?
8          THE DEFENDANT:  Yes, I am.
9          THE COURT:  Do you feel ready to proceed?
10          THE DEFENDANT:  Yes, Your Honor.
11          THE COURT:  When you pled guilty, you also told me
12 that you were fully satisfied with Mr. Schwartz's services.
13 Do you remember that?
14          THE DEFENDANT:  Yes, I do, Your Honor.
15          THE COURT:  Since then, have you had enough time to
16 meet with him and ask him all of your questions before today's
17 hearing?
18          THE DEFENDANT:  Yes, I have, Your Honor.
19          THE COURT:  All right.  And are you still fully
20 satisfied with his services?
21          THE DEFENDANT:  Yes, I am.
22          THE COURT:  All right.  I spoke with you at your
23 guilty plea about exactly what we would do today, but let me
24 remind you that the first part of every federal sentencing is
25 to determine how the guidelines apply in that particular case,

4

1  and then after that, I will hear from the parties about all
2  the other factors that also go into determining the
3  appropriate sentence for a particular defendant.  The goal is
4  to determine a sentence that is sufficient but not greater
5  than necessary to comply with the purposes of sentencing in
6  our system, and to that end, I have received a number of
7  documents from counsel, which I am going to just make sure
8  that I have everything that they intend for me to have.
9           First, I have the PSR.  I have the responses to the
10 PSR from both the United States and the defendant, and I have
11 the sealed supplement submitted by the Government in every
12 sentencing.  Should I have anything else?
13          MR. SCHWARTZ:  No, Your Honor.
14          MR. MANTOVANI:  No, Your Honor.
15          THE COURT:  All right.  Mr. Robinson, do you know
16 what I am talking about when I say the presentence report or
17 the PSR?
18          THE DEFENDANT:  Yes, I do, Your Honor.
19          THE COURT:  Did you go over that document?
20          THE DEFENDANT:  Yes, I did, Your Honor.
21          THE COURT:  Did you get to speak with Mr. Schwartz
22 about that document?
23          THE DEFENDANT:  Yes, I did, Your Honor.
24          THE COURT:  Do you understand today he's representing
25 that you don't have any objections to what's in that document?

5

1  You don't think anything in it needs to be changed; is that
2  correct?
3              THE DEFENDANT:  Correct, Your Honor.
4              THE COURT:  Okay.  Then for the record, may I ask the
5  parties, is there any objection to any of the facts in the
6  PSR?
7              MR. MANTOVANI:  No objection from the United States.
8              MR. SCHWARTZ:  No, Judge.
9              THE COURT:  And is there any objection to the
10 Probation Office's application of the guidelines to the facts
11 in the PSR?
12             MR. MANTOVANI:  No, Your Honor.
13             MR. SCHWARTZ:  No, Your Honor.
14             THE COURT:  All right.  Then let's walk through them.
15 In the offense level calculation on page 7, paragraph 23 of
16 the PSR, it sets out the base offense level based on the total
17 drug quantity of 34 with a specific offense characteristic of
18 a dangerous weapon being possessed which increases it by two
19 bringing the adjusted offense level to 36, and then because of
20 Mr. Robinson's acceptance of responsibility and guilty plea,
21 that is reduced by three to a total offense level of 33.  And
22 my understanding is that is consistent with the parties'
23 expectations based on the Guilty Plea Agreement; correct?
24             MR. MANTOVANI:  Correct, Your Honor.
25             MR. SCHWARTZ:  Yes, Your Honor.

6

1  THE COURT: All right. And then unlike at your
2  guilty plea hearing, Mr. Robinson, today we have the
3  information that we did not have then about your criminal
4  history, and so the Probation Office has set that out and then
5  based on that determined that your criminal history score is
6  3, which under the guidelines puts you in a criminal history
7  category of 2, and then based on those two factors, the
8  offense level of 33 and the criminal history category of 2,
9  the PSR notes that the guidelines imprisonment range is 151 to
10  188 months, that the guideline term of supervised release for
11  Count One is five years and for Count Two is three years, and
12  that the fine range is 35,000 -- it says $11 million. Is that
13  correct? It should be one million dollars.
14  MR. MANTOVANI: I believe so, Judge.
15  THE COURT: Okay. So does either party require that
16  to be revised in a new --
17  MR. SCHWARTZ: Judge, I believe what you are stating
18  is correct. I did not notice that.
19  THE COURT: I will not be imposing a fine today
20  greater than $1 million, and so if that is the case, do we
21  need to revise the PSR is my question?
22  MR. MANTOVANI: Joel?
23  MR. SCHWARTZ: Okay. Judge --
24  MR. MANTOVANI: Your Honor, I think the explanation
25  by the Court, the fact that the parties reached a plea

7

1  agreement means that I don't believe it is necessary, but of
2  course it's the Court's decision.
3          THE COURT:  Yes, I'm just wondering if there is any
4  reason why the defendant would really want it to be revised.
5          MR. MANTOVANI:  Nothing from the United States.
6          THE COURT:  For my purposes, it's fine, but yeah, I
7  understand what the actual limit is without having it revised.
8  But, Mr. Schwartz, is there --
9          MR. SCHWARTZ:  No, Your Honor, there is no need.
10         THE COURT:  Okay.  We'll, of course, have this oral
11 record if there is ever any dispute about what the upper range
12 of the fine range was.  And that's the recommended under the
13 guidelines range.  And then restitution does apply, but there
14 is not an identifiable victim; is that correct?
15         MR. MANTOVANI:  No identifiable victims and no
16 restitution is requested, Your Honor.
17         THE COURT:  Okay.  And the forfeiture, does that
18 include just the contraband materials that were confiscated at
19 his investigation?
20         MR. MANTOVANI:  I believe so, Your Honor, if you
21 could give me one moment because I do have a forfeiture note
22 from our asset forfeiture group asking for a formal finding.
23         THE COURT:  Okay.  Do I have a preliminary order of
24 forfeiture in this case?
25         MR. MANTOVANI:  I do know that in the Guilty Plea

8

1 Agreement, there was two things that were referenced, but you
2 are correct.
3       THE COURT: Okay. I don't have that language that I
4 need for the actual formal judgment.
5       MR. MANTOVANI: I do and I will submit it to your
6 clerk right now. And, Your Honor, you are correct though that
7 the items that we are seeking forfeiture on that was
8 specifically listed in the indictment are the contraband items
9 that were seized from him at the time of the facts of this
10 case; namely, a Century Arms Mini-Draco 7.62 pistol and a
11 Taurus Model 6.05 .357 revolver as well as assorted rounds of
12 ammunition and magazines. So, Judge, it's just the guns that
13 we seized. So you were correct, but I am --
14       THE COURT: But there is an actual forfeiture order?
15       MR. MANTOVANI: There is an actual forfeiture
16 request.
17       THE COURT: I'm sorry I overlooked that in the file.
18       All right. Mr. Schwartz, do you have any quibble
19 with Mr. Mantovani's representation about forfeiture?
20       MR. SCHWARTZ: I do not, Your Honor.
21       THE COURT: And I have the language and I will read
22 it at the appropriate time. And, Mr. Robinson, I am sure you
23 will remember from your Guilty Plea Agreement that we talked
24 about how you would not receive back any of the items that
25 were taken by law enforcement during your investigation. Do

9

1  you remember that?

2  THE DEFENDANT: Yes, I do, Your Honor.

3  THE COURT: Okay. All right. Then again, does
4  either party have any objection to the contents of the PSR as
5  I have just recounted them?

6  MR. MANTOVANI: No, Your Honor.

7  MR. SCHWARTZ: No, Judge.

8  THE COURT: All right. Then I adopt them as my
9  findings of fact and conclusions of law with respect to the
10 advisory Sentencing Guidelines. All right. That's what I
11 said, Mr. Robinson, will be the first part of what we do
12 today, and then in a moment, I will hear from counsel and from
13 you if you want to make a statement about anything you think
14 is appropriate and relevant to your sentence, but first, in
15 every criminal hearing, we do what's called a bench
16 conference, so you are going to get headphones and Counsel is
17 going to approach the bench.

18 **(Pursuant to Local Rule 13.05, a bench conference was held on**
19 **the record and placed under seal; after which, the following**
20 **proceedings continued in open court:)**

21 THE COURT: Mr. Robinson, Title 18 Section 3553(a)
22 sets out factors that I am required to consider before I can
23 set an appropriate sentence for any defendant, and in addition
24 to the sentencing guidelines, those factors include the nature
25 and circumstances of the offense, the history and

10

1  characteristics of the defendant, and the need to do justice
2  to the various purposes of punishment under our system of laws
3  including to promote respect for the law, to deter future
4  misconduct, protect the public, and to provide defendants with
5  treatment or education as necessary, and I'm also bound
6  to consider the need to be fair to everyone who commits
7  similar crimes.  And so I'm inviting your attorney,
8  Mr. Schwartz, to speak to me about how I should consider those
9  factors in your case.  Mr. Schwartz.
10         MR. SCHWARTZ:  Your Honor, I don't believe that there
11 is anything else I need to discuss with the Court.  I would
12 just implore the Court to follow the joint recommendation of
13 the parties in this matter of 120 months.
14         THE COURT:  All right.  Thank you.  Mr. Mantovani.
15         MR. MANTOVANI:  I would also request that the Court
16 follow the joint recommendations for Counts One and Two to be
17 run concurrently with each other for 120 months.
18         THE COURT:  Okay.  Thank you.  All right.  I take it
19 you don't have any response to that?
20         MR. SCHWARTZ:  I do not.
21         THE COURT:  Okay.  Then we'll hear from Mr. Robinson.
22 Mr. Robinson, you have a right to speak today at your
23 sentencing.  You do not have to, but you are very welcome to
24 and you have the floor.
25         THE DEFENDANT:  I didn't plan on speaking, but seeing

11

1  my family here and seeing the impact that it has on my family
2  and my community and being incarcerated already for the amount
3  of time that I have, I definitely feel like I have learned and
4  grown from this experience and ready to move on with my life.
5           THE COURT:  Okay.  Thank you, Mr. Robinson.  Does
6  either party have anything else to add before I pronounce his
7  sentence?
8           MR. MANTOVANI:  No, Your Honor.
9           MR. SCHWARTZ:  No, Judge.
10          THE COURT:  Okay.  I am just going to take one minute
11 to make sure that I have adequately accounted for what you all
12 have presented today and what I have in your filings.  One
13 moment.
14                    (Pause in Proceedings)
15          THE COURT:  All right.  After assessing the
16 particular facts of this case as presented by the parties and
17 in light of the relevant Section 3553(a) factors, including
18 the Sentencing Guidelines, and based on representations of
19 counsel and the filings, I conclude that the variance jointly
20 recommended by the parties is warranted in this case and that
21 a sentence of 120 months followed by a five-year period of
22 supervised release is appropriate to Mr. Robinson's crime and
23 not greater than necessary to serve the statutory sentencing
24 objectives.  I further find that Mr. Robinson is not capable
25 of paying any fine, so I will not impose a fine.

12

1      In choosing this sentence, I am very, very aware of
2  how serious the offense was.  Ten years in prison is a serious
3  penalty for a very serious crime, and the harm that drug
4  trafficking perpetrates on our community makes it important
5  and appropriate that it be a serious penalty.  I am also
6  taking into consideration everything else that has been
7  brought to my attention by counsel, including Mr. Robinson's
8  criminal history and the fact that before this ten-year
9  sentence, he did not serve much time really at all ever
10 incarcerated, so a ten-year sentence should certainly under
11 those circumstances be a wake-up call and, therefore,
12 hopefully give him plenty of time to work on any mental health
13 or substance abuse issues that could help him improve his
14 circumstances and prevent himself from making similar
15 decisions in the future.  It would certainly I would think
16 deter him from doing similar activities in the future.  And
17 ten years for drug trafficking is a sentence that I think does
18 justice to the seriousness of the crime and promotes respect
19 for the law and should deter others from engaging in drug
20 trafficking, so under the circumstances, I find that it is
21 sufficient but not greater than necessary to serve the Section
22 3553(a) factors.
23      That sentence will run consecutive to any sentence
24 imposed for Mr. Robinson's state charges; of course, knowing
25 full well that it is up to the state court how to run its

13

1 sentence and that that will be up to the later sentencing
2 court to determine how these sentences, in fact, interact, but
3 from the federal court's perspective, I am not going to run
4 them concurrent because the nature of those charges and the
5 seriousness of them and the fact that they are different
6 conduct than those that he is here for today.
7 　　　　　Does either party have any objection to how I have
8 considered the factors or think there is something I neglected
9 to properly consider before I formally state his sentence?
10 　　　　　MR. MANTOVANI:  No, Your Honor.
11 　　　　　MR. SCHWARTZ:  No, Your Honor.
12 　　　　　THE COURT:  All right.  Then I will formally state
13 his sentence.  Pursuant to the Sentencing Reform Act of 1984
14 and the provisions of 18 USC Section 3553(a), it is the
15 judgment of the Court that the defendant, Ricardo Robinson, is
16 hereby committed to the custody of the Bureau of Prisons to be
17 imprisoned for a term of 120 months.  That term consists of a
18 term of 120 months on each of Counts One and Two, all such
19 terms to be served concurrently.  That sentence shall run
20 consecutive to any sentence imposed in Circuit Court, Madison
21 County, Illinois under docket number 18-CF-1507 and
22 consecutive to any sentence imposed in Circuit Court,
23 St. Louis, Missouri under docket number 2022-CR00513-01.
24 　　　　　While in the custody of the Bureau of Prisons, it is
25 recommended that Mr. Robinson be evaluated for participation

14

1   in the Residential Drug Abuse Program and mental health
2   treatment.  It is also recommended that the defendant be
3   evaluated for participation in an Occupational/Educational
4   program, specifically in electrical, plumbing, and heating
5   ventilation and air conditioning trades.  Such recommendations
6   are made to the extent that they are consistent with the
7   Bureau of Prisons policies.
8          Upon release from imprisonment, the defendant shall
9   be placed on supervised release for a term of five years.
10  That term consists of a term of five years on Counts One and
11  Three -- I'm sorry, five years on Count One and three years on
12  Count Two, all such terms to run concurrently.
13         Within 72 hours of release from the custody of the
14  Bureau of Prisons, the defendant shall report in person to the
15  Probation Office in the district to which he is released.
16         Under 21 USC Section 853, the defendant has forfeited
17  all right, title, and interest in the property previously
18  identified in the preliminary order of forfeiture granted on
19  February 7, 2022.
20         As part of your supervision, Mr. Robinson, you must
21  comply with the following mandatory conditions of supervision:
22         You must not commit another federal, state, or local
23  crime.
24         You must not unlawfully possess a controlled
25  substance.

15

1  You must refrain from any unlawful use of a
2  controlled substance, and you must submit to one drug test
3  within 15 days of release from imprisonment and at least two
4  periodic drug tests thereafter as determined by the Court.
5  You must cooperate in the collection of DNA as
6  directed by the Probation Office if the collection of such a
7  sample is authorized pursuant to statute.
8  As part of your supervision, you must also comply
9  with the standard conditions of supervision that have been
10  adopted by this Court.  I will not read those to you today.
11  You will receive those in writing, but as part of your
12  supervision, you must also comply with the following
13  additional special conditions.  If it is determined that there
14  are costs associated with any of the services provided, you
15  shall pay those costs based on a co-payment fee established by
16  the Probation Office.
17  You must submit to substance abuse testing to
18  determine if you have used a prohibited substance.  You must
19  not attempt to obstruct or tamper with the testing methods.
20  You must participate in a substance abuse treatment
21  program and follow the rules and regulations of that program.
22  The probation officer will supervise your participation in the
23  program.
24  You must participate in a mental health treatment
25  program and follow the rules and regulations of that program.

16

1  The probation officer in consultation with the treatment
2  provider will supervise your participation in the program.
3        You must submit your person, property, house,
4  residence, vehicle, papers, computers, other electronic
5  communications or data storage devices or media or office to a
6  search conducted by a United States probation officer, and you
7  must warn any other occupants of your premises that those
8  premises may be subject to searches pursuant to this
9  condition.  The probation officer may conduct such a search
10 only when reasonable suspicion exists that you have violated a
11 condition of your supervision and that the areas to be
12 searched contain evidence of that violation.
13       I find that the defendant does not have the ability
14 to pay a fine, but it is further ordered that the defendant
15 shall pay to the United States a special assessment of $100 on
16 each of Counts One and Two for a total of $200 which shall be
17 due immediately.
18       Counsel, do you know of any reason other than those
19 already stated why sentence should not be imposed as stated?
20       MR. MANTOVANI:  No, Your Honor.
21       MR. SCHWARTZ:  No, Your Honor.
22       THE COURT:  Then sentence shall be imposed as stated.
23       Does the Government have a motion to make?
24       MR. MANTOVANI:  Yes, Your Honor.  Based on the terms
25 of the parties' plea agreement, the Government moves to

17

1  dismiss Count Three of the indictment against this defendant.
2          THE COURT: All right. No objection, Mr. Schwartz?
3          MR. SCHWARTZ: No.
4          THE COURT: The Government's motion is granted and
5  Count Three of the indictment is dismissed.
6          Mr. Robinson, my last job today is to inform you of
7  your rights to appeal. You may remember from your guilty plea
8  colloquy that by signing your Guilty Plea Agreement, you
9  waived some of your rights on appeal, but you haven't waived
10 them all, and Mr. Schwartz is going to advise you shortly
11 after this hearing about what your appeal rights are and how
12 you may exercise them if you wish.
13         You can appeal your conviction if you believe that
14 your guilty plea was somehow unlawful or involuntary or if
15 there was some other fundamental defect in the proceeding that
16 was not waived by your Guilty Plea Agreement. Under some
17 circumstances, a defendant might also have the right to appeal
18 his sentence; however, you waived some of those rights as part
19 of your agreement. If you think the waiver was defective or
20 invalid in some way, you can present that theory to a Court of
21 Appeals, and if you can't afford an appeal, then you can
22 petition the Court to waive the filing fee or to appoint you
23 counsel on appeal. Do you understand?
24         THE DEFENDANT: Yes, I do, Your Honor.
25         THE COURT: All right. Mr. Schwartz, can I have your

18

1  assurance that you will review his appeal rights with
2  Mr. Robinson and file the appropriate form promptly?
3            MR. SCHWARTZ:  I will, Your Honor.
4            THE COURT:  Thank you.  Is there anything else for
5  the Court before we adjourn today?
6            MR. MANTOVANI:  No, Your Honor.  Thank you.
7            MR. SCHWARTZ:  Judge, Mr. Robinson has requested the
8  Court make a recommendation that he is housed in a facility
9  closest to St. Louis fitting his custody classification.
10           THE COURT:  All right.  And Mr. Mantovani?
11           MR. MANTOVANI:  No objection, Your Honor.
12           THE COURT:  Okay.  It is further recommended that
13 Mr. Robinson be housed as close as possible to the St. Louis
14 Metropolitan area.  And, of course, as all of my
15 recommendations to the Bureau of Prisons, that is made to the
16 extent that it is consistent with their policies.
17           Is there anything more for the Court before we
18 adjourn?
19           MR. MANTOVANI:  No, Your Honor.
20           MR. SCHWARTZ:  No, Your Honor.  Thank you.
21           THE COURT:  All right.  Mr. Robinson, you are
22 remanded to the custody of the United States Marshal's
23 Service.  Best of luck to you.  Thank you, Counsel.  Thank
24 you, Marshals.  We are adjourned.
25                **(PROCEEDINGS CONCLUDED AT 10:40 A.M.)**

19

# CERTIFICATE

I, Angela K. Daley, Registered Merit Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

I further certify that this transcript contains pages 1 through 18 inclusive and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

Dated at St. Louis, Missouri, this 23rd day of August, 2023.

_____
/S/Angela K. Daley
Angela K. Daley, CSR, RMR, FCRR, CRR
Official Court Reporter